[Argued July 25, 1893; decided July 31, 1893.]

## JENNINGS *v.* JENNINGS.

### [S. C. 34 Pac. Rep. 21.]

Clackamas County: FRANK J. TAYLOR, Judge.

Suit in equity by Edward T. Jennings against Addie C. Jennings and J. C. Ainsworth, to establish an interest in land. Decree for defendants, and plaintiff appeals. Affirmed.

*Victor K. Strode*, for Appellants.

*D. C. & C. D. Latourette*, and *Bonham & Holmes*, for Respondents.

PER CURIAM.—This is a suit to establish plaintiff's right, as heir of Berryman Jennings, deceased, in certain real estate held by the defendant Addie C. Jennings. The facts are that on the seventh day of December, 1870, Berryman Jennings, the father of the plaintiff and the said Addie, being the owner of the land in controversy, conveyed it by warranty deed to J. C. Ainsworth as security for the sum of six hundred and twenty-five dollars. Ainsworth held the title until 1880, when he concluded to forgive the debt and reconvey the property to Jennings, or such person as he might designate, and for that purpose executed a quit-claim deed, leaving the name of the grantee blank, and forwarded it to Jennings, with a letter authorizing him to fill in the name of any person he might desire as grantee. The complaint avers that the defendant Addie C. Jennings, secretly took possession of the deed soon after its execution, and, without the knowledge and consent of her father, fraudulently and with intent to defraud her father and brothers and sisters, filled in her own name as grantee, and caused the deed to be recorded. But there is an entire failure of proof to sustain this alle-

gation, and the facts are, as shown by the evidence, that Mr. Jennings, in consideration of love and affection, desired to give the land to his daughter for the reason that she had contributed liberally of her earnings to the support of himself and family, and without her knowledge or solicitation, wrote her name in the deed himself as grantee and delivered it to her, and this was sufficient to convey the title as against him and his heirs, and, in our opinion, requires an affirmance of the judgment. AF-FIRMED.